UNITED STATES of America,
Plaintiff–Appellee,

v.

Buichecu Thomas TAIWO,
Defendant–Appellant.

No. 03–21012
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 13, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

John Riley Friesell, Bellaire, TX, for Defendant–Appellant.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Buichecu Thomas Taiwo appeals his conviction and sentence following his guilty plea for conspiracy to commit bank fraud and for bank fraud. Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Taiwo argues that his guilty plea, which included a waiver-of-appeal provision, was involuntary because the district court did not inform him that the amount of the intended loss, to which he did not admit, as well as his role in the offense, were essential elements that the Government had to prove beyond a reasonable doubt.

Taiwo was rearraigned before *Blakely* was decided. Further, this court has determined that *Blakely* does not apply to the Guidelines. *See United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *pet. for cert. filed* (U.S. July 14, 2004)(No. 04–5263). Moreover, because Taiwo was not sentenced above the statutory maximum, his reliance on *Apprendi* is misplaced. *See United States v. Doggett,* 230 F.3d 160, 166 (5th Cir.2000). Thus, the district court was under no duty under Rule 11 to advise Taiwo that he had a right to a jury trial on the amount of intended loss or his role in the offense inasmuch as those were factors that increased his sentence under the Guidelines. *See Pineiro,* 377 F.3d at 465–66. Further, Taiwo has shown no defect in his indictment on the basis that it did not charge as elements of his offense those factors that enhanced his sentence. *See id.*

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.